
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| JAMES VANDERVORT | ) |
|     Plaintiff, | ) |
| v. | )    Civil Action No. TMD 10-02671 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
|     Defendant. | ) |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

James Vandervort ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 14) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 18). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed his applications for DIB and SSI on November 20, 2007 alleging disability since August 5, 2007 on the basis of post-traumatic stress disorder, attention deficit hyperactivity disorder, depression, degenerative joint disease, chrondromalacia of right

knee, rotator cuff tendonitis and acromiocular separation of right shoulder.  R. at 8, 80, 158-63, 166-67, 184, 188.  His claims were denied initially and on reconsideration.  R. at 95-97, 99-101, 103, 108-09, 110-11.  On November 12, 2009, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE" testified.  Plaintiff was represented by counsel.  R. at 7-72.  In a decision dated November 23, 2009, the ALJ denied Plaintiff's request for benefits.  R. at 80-90.  The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review.  R. at 1-5.

II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520, § 416.920.  At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since August 5, 2007.  At step two, the ALJ determined that Claimant suffered from the following severe impairments: right knee osteoarthritis, status post arthroscopy; right shoulder osteoarthritis, rotator cuff tendonitis. Post traumatic stress syndrome, substance addiction disorder (alcohol and cocaine dependence in remission), depressive disorder NOS.   At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was not capable of performing his past relevant work.  At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  Accordingly, he concluded that Claimant was not disabled.  R. at 80-90.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

### IV. Discussion

Plaintiff argues that the ALJ erred (1) in her RFC assessment and (2) in her treatment of the opinions of his treating physicians.

A.   RFC

Plaintiff first argues that the ALJ erred in her RFC assessment because she failed to provide a narrative discussion supporting her findings and her finding that Plaintiff could

perform medium work is in error.  The ALJ found Claimant capable of medium work except that he could

> lift up to 50 pounds occasionally, lift and/or carry up to 25 pounds frequently.  With his dominant right upper extremity he can lift and carry up to 25 pounds.  With his right upper extremity he can frequently push, pull and reach overhead.  He can frequently operate foot controls with his right lower extremity.  He can never climb ladders, ropes or scaffolds.  He can never crawl or kneel.  He must avoid all use of hazardous machinery and exposure to unprotected heights.  His work is limited to simple, routine and repetitive tasks and occasional tasks of more complexity, with 3 and 4 steps.  He is limited to superficial interaction with supervisors, co-workers and the general public, with no arbitration, negotiation or conflict resolution and with no responsibility for the supervision of others.

R. at 84.

The Social Security Administration requires that the RFC assessment include a function-by-function assessment based on a claimant's functional limitations and ability to do work-related activities. SSR 96–8p, 1996 WL 374184, at *3 (July 2, 1996). The RFC assessment must be based on all relevant evidence in the record and must address both the remaining exertional and non-exertional capacities of the individual. *Id.* at *3, *5–6. The ALJ's evaluation must also include a narrative discussion describing how medical and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart,* 284 F.Supp.2d 256, 271 (D.Md.2003). Plaintiff contends that the ALJ failed to support her finding regarding lifting, standing, walking, climbing ladders, ropes or scaffolds, pushing and pulling, using foot controls, reaching overhead and the limitation to simple routine tasks with occasional 3 to 4 steps.

While the precise medical evidence relied on for every specific limitation need not be discussed directly in the actual RFC finding, the Court must not be required to speculate as to the bases for the findings.  Based on ALJ's overall discussion of the medical evidence in the

record the Court finds support for the ALJ's RFC within her decision.  For example, the ALJ did not place any restrictions on Plaintiff's ability to walk and stand.  In support of this finding, she specifically cited to a February, 2008 physical examination prior to knee surgery where Claimant was assessed with moderate restrictions and limited to light exertion lifting.  R. at 87, 432, 439-41.  The ALJ further noted that while after surgery he was limited to light work, a post-operative discharge summary indicated that starting six weeks after surgery, "[patient] may engage in any work-related activity without restriction."  R. at 87, 482, 610.  *See also* R. at 87 *citing* R. at 439-441.  In addition, the ALJ cited Plaintiff's own testimony regarding his activities of daily living which indicated that he lives independently, grocery shops, keeps the house, attends college, etc.  R. at 87.  The ALJ also noted that on April 2008, Claimant was noted to have "functional status as independent without assistive devices and his balance was noted to be independent."  R. at 85, 606.

The Court also finds that substantial evidence supports the RFC restrictions pertaining to Plaintiff's mental limitations.  As mentioned above, the ALJ found his work is limited to simple, routine and repetitive tasks and occasional tasks of more complexity, with 3 and 4 steps.  He is limited to superficial interaction with supervisors, co-workers and the general public, with no arbitration, negotiation or conflict resolution and with no responsibility for the supervision of others.  R. at 84.  The ALJ was clear in indicating that she gave weight to both Claimant's treating health professionals, Dr. Brancaleone and Dr. Fiscella, as well as state agency psychological consultants, Dr. Sokas and M. Dilger.  R. at 87.  M. Dilger opined that Claimant was capable of "simple

repetitive tasks and possibl[y] more complicated tasks psychiatric point of view, with possibly limited contact with others." R. at 88, 382. M. Dilger also indicated Claimant was not significantly limited in his ability to understand, remember and carry out short and simple instructions as well as detailed instructions and make simple work-related decisions. R. at 87-88, 380. The ALJ cited other evidence to support her RFC finding including Claimant's ability to participate in a community based outings and participate in trial work experiences. R. at 86; *see, e.g.* R. at 604  The Court finds the ALJ's RFC finding did not violate the dictates of the relevant Social Security rulings.

    B.    <u>Treating Physicians</u>

Plaintiff next argues the ALJ erred when she did not give the proper weight to the opinions of his treating physicians, Dr. Chetana Shastri and Dr. David Arnold.

Under the "treating physician rule," a treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record.  *See* 20 C.F.R §§ 404.1527(d)(2), 416.927(d)(2); *Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir.2001).  However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir.1996); 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro,* 270 F.3d at 178.

The Court finds that the ALJ's decision to afford limited weight to Dr. Shastri's opinion, despite his status as a treating physician, is supported by substantial evidence. Dr. Shastri opined that Claimant was limited in a variety of areas due right shoulder and right knee impairments. R. at 763-65. The ALJ afforded his opinion little weight because it was not supported by medical treatment records and objective medical testing and his activities of daily living revealed far greater functional ability. R. at 87. Despite Plaintiff's citation to an MRI which showed a partially torn supraspinatus tendon, R. at 467, and other medical evidence, the Court still finds that the ALJ's decision is supported by substantial evidence. At a minimum, the evidence discussed above contradicts Dr. Shastri's more limited findings with respect to Claimant's physical ability. In particular, the ALJ's reliance on post-operative progress notes indicating Claimant would not have any work-related restrictions discussed above clearly supports her findings.

Similarly, the Court finds that the ALJ's decision to afford limited weight to the opinion of Dr. Arnold with respect to Claimant's mental abilities is also supported by substantial evidence. Dr. Arnold completed a Medical Assessment of Ability to Do Work Related Activities in which he reported more restrictions than those found by the ALJ and ultimately opined that Claimant did not possess the capacity to endure the mental demands of competitive work on a sustained basis. R. at 766-68. In her decision, the ALJ gave only limited weight to this assessment because she found it was not supported by the psychological treatment records viewed in their entirety and Claimant's daily functioning revealed greater psychological ability. R. at 87. Rather, the ALJ supported her RFC assessment on the findings of various treating

professionals who had an ongoing relationship with Claimant including Psychologist Wilson, Psychologist Brancaleone and Psychiatrist Fiscella as well as that state agency psychological evaluations of Dr. Sokas and M. Dilger.  R. at 87.  The Court has reviewed that evidence and finds that it constitutes substantial evidence to support the ALJ's RFC finding with respect to Claimant's mental limitations and that the ALJ did not err in giving limited weight to the assessment of Dr. Arnold. For example, the ALJ credited the findings and psychological treatment notes of those mental health professionals who observed and interacted with Claimant on a daily basis while he resided at the VA domiciliary and thereafter followed him with case management once he moved into the community.  R. at 88.  For example, August, 2009 progress notes from the VA medical Center indicated that Claimant was oriented to time, place and person and that his speech was logical, coherent and goal-directed.  R. at 523.  He did not report any suicidal or homicidal thoughts or hallucinations and it was opined that he had made a "satisfactory transition to the community."  *Id.*  The ALJ noted that those progress notes also revealed that by May 2008 Claimant was capable of seeking competitive employment in the community but was seemingly motivated by secondary gains and wanted to go to another program.  R. at 88*, see, e.g.,* R. at 584, 586, 589, 596, 600.  In addition, as discussed above, the ALJ's decision to provide limited weight to the opinion of Dr. Arnold is also supported by the findings of M. Dilger who opined that Claimant was capable of "simple repetitive tasks and possibl[y] more complicated tasks psychiatric point of view, with possibly limited contact with others."  R. at 88, 382.  M. Diger also indicated Claimant was not significantly limited in his ability to understand, remember and carry out short and simple instructions as well as detailed

8

instructions and make simple work-related decisions. R. at 87-88, 380. In addition, Dr. Wilson reported in June, 2008 that there was a lack of clinical justification for participation in his program and he was discharged on June 27, 2008. R. at 87, 589. In addition, the ALJ noted that since the fall 2008, Claimant had been a student in good standing at a local college and that he lived independently at least as of August, 2009. R. at 87, 522-23. Clearly, Dr. Arnold's restrictive opinion is inconsistent with this (as well as other) substantial evidence in the record. In assessing whether there is substantial evidence, the reviewing court should not "'undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of' " the agency. *Mastro v. Apfel,* 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted) (alteration in original).

## V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: February 11, 2013                             _____/s/_____
                                                    THOMAS M. DIGIROLAMO
                                                    United States Magistrate Judge